UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE A. YOUNGBLOOD, etc., et. al.,

    Plaintiffs,

vs.                                                Case No.  3:01-cv-1449-J-21MCR

STATE OF FLORIDA, et. al.,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Discovery (Doc. 60) filed August 4, 2005. Defendants filed a response to the Motion (Doc. 62) on August 11, 2005. Accordingly, the matter is now ripe for judicial review.

Plaintiffs seek the production of numerous documents they claim are "public records" and which Defendants informed Plaintiffs would not be produced absent a written discovery request. Additionally, Plaintiffs seek documents they claim have been inappropriately withheld by Defendants and should have been produced pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure. The Court will address each contention separately.

First, with respect to the "public records," Defendants respond that they no longer take the position expressed during the depositions that public records of the Department of Health may only be obtained through discovery. Accordingly, Plaintiff's Motion to Compel these documents is denied as moot. However, to the extent they have not

done so, Defendants are instructed to produce the public records sought by Plaintiff no later than **Monday, August 29, 2005**.

With respect to Plaintiffs' claim that Defendants have inappropriately withheld documents, the Court finds this argument without merit.  Plaintiff claims that during the depositions of numerous defense witnesses, those individuals referred to documents not disclosed in Defendants' Rule 26(a)(1) disclosures.  Plaintiff takes the position that pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Defendants are required to disclose all documents "that are relevant to disputed facts alleged with particularity in the pleadings."  (Doc. 60, p.4).  However, in 2000, Rule 26(a)(1)(B) was amended to require a party only to disclose documents "that the disclosing party may use to support its claims or defenses."  Rule 26(a)(1)(B), Fed.R.Civ.P.  Accordingly, Defendants' contention that it need not produce documents it does not intend to use to support its position is correct and Plaintiffs' Motion to Compel documents alleged to have been inappropriately withheld is denied.

The Court notes that although Plaintiffs allege compliance with Local Rule 3.01(g), the Court does not believe such compliance occurred.  Local Rule 3.01(g) does not anticipate the parties having a dispute regarding documents during a deposition and then filing a motion to compel.  Instead, pursuant to 3.01(g) and Rule 37, Fed.R.Civ.P, prior to filing a motion to compel, the movant is to confer with opposing counsel (via telephone or in person) and actually discuss the basis for the motion to compel in a good faith effort to secure the discovery without court action.  Counsel for Plaintiffs did not do this.  Furthermore, once the motion is filed, if the parties are able to resolve any

portion of the motion, the movant is obligated to so inform the Court.  In the future, counsel for Plaintiffs is warned that failure to comply with the directives of Local Rule 3.01(g) or Rule 37, Fed.R.Civ.P. will result in the imposition of appropriate sanctions or the offending motion being stricken.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiffs' Motion to Compel Discovery (Doc. 60) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of August, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record