UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE A. YOUNGBLOOD, etc., et. al.,

    Plaintiffs,

vs.                                               Case No.  3:01-cv-1449-J-16MCR

STATE OF FLORIDA, et. al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants, State of Florida Department of Health, James Silva, Adeline Dobson and William Nowlin's Motion to Compel (Doc. 70) filed October 12, 2005.  On October 24, Plaintiffs filed a response (Doc. 72) and Defendants filed a Supplemental Motion to Compel (Doc. 71).  Accordingly, the matter is now ripe for judicial review.

Defendants served Plaintiffs with interrogatories on September 8, 2005.  According to Defendants, Plaintiffs' response was due no later than October 11, 2005.  Therefore, when Defendants did not receive a response on October 11, they filed the instant Motion on October 12, 2005.  Defendants supplemented their Motion to Compel on October 24, 2005, noting that Plaintiffs served their responses to the interrogatories on October 13, 2005.  (Doc. 71).  Defendants now argue that Plaintiffs have waived their objections to any of the interrogatories because the objections were not timely made.  (Doc. 71).

Plaintiffs counter that their responses to the interrogatories are not untimely as the thirty day period for them to respond expired on October 13, 2005, the day they served their response. (Doc. 72). Plaintiffs correctly note that pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the day the interrogatories were served (September 8, 2005) is not included in the computation of the due date for the response. Additionally, Rule 6(a) provides that "the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . ." Further, when the interrogatories are served by mail, the responding party is permitted to add an additional three days to the end of the period. Rule 6(e), Fed.R.Civ.P.

In the instant case, the thirty day period for Plaintiffs' response began running on September 9, 2005 and concluded on October 8, 2005. However, because October 8 and 9 were the weekend and October 10, 2005 was a legal holiday, the original prescribed period expired on October 11, 2005. Adding three days would make Plaintiffs' response due on October 14, 2005. Accordingly, Plaintiffs' response was timely and therefore, their objections have not been waived. As such, Defendants' Motion to Compel will be denied.

In any event, the Court believes Defendants' Motion to Compel is due to be denied for the additional reason that it fails to comply with Rule 37(a)(2)(B), Fed.R.Civ.P., which requires the movant to confer or attempt to confer with the party failing to make the discovery "in an effort to secure the information or material without court action." Plaintiffs' response makes it clear that counsel for Defendants failed to properly confer with counsel for Plaintiffs prior to filing the instant motion.

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Compel (Doc. 70) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  25th  day of October, 2005.

                                            *Monte C. Richardson*
                                          MONTE C. RICHARDSON
                                   UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record